# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SNH MEDICAL OFFICE PROPERTIES TRUST**                           **PLAINTIFF**

**V.**                                                               **CIVIL ACTION NO. 2:19-cv-83-KS-MTP**

**SOUTHERN NEUROLOGIC & SPINAL**
**INSTITUTE, PA**                                                              **DEFENDANT**

## ORDER

This cause came before the Court on Plaintiff's Motion for Default Judgment [7]. Having reviewed Plaintiff's submissions and the relevant legal authorities, and otherwise being fully advised in the premises, the Court finds the Motion will be denied without prejudice.

## I. BACKGROUND

Plaintiff filed this action against Southern Neurologic & Spinal Institute ("SNSI"), a professional association, alleging breach of a lease agreement and setting forth the amount of liquidated damages that are due Plaintiff. [1] at ¶¶ 18-24. The underlying facts of the dispute are not relevant in determining the propriety of default judgment, but the procedural aspects are. Plaintiff initiated the lawsuit on May 24, 2019 [1]. Plaintiff states in the current motion that SNSI was "personally served" on June 3, 2019. [7] at ¶ 2. A Proof of Service was executed by a Terry Keith, private process server, and filed on June 6, 2019 [3]. Without any answer or other response from Defendant, Plaintiff moved for an entry of default on July 11, 2019. [5, 6]. Plaintiff now seeks a final default judgment based upon the Proof of Service [3], the Declaration of Sigrid Mendel Usen [7-1], and an aging detail of the rent owed [7-2].

## II. DISCUSSION

### A. Applicable Legal Standards

"Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a default judgment may be entered against a party who has failed to plead or otherwise defend, so long as that party has been properly served with process. The law is clear, that is, that unless there has been valid service of process, a default judgment may not be entered." *Arceneaux v. Davidson*, 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir.2002); *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir.1998)); *see also Thompson v. Johnson*, 348 Fed. App'x 919, 923 (5th Cir. 2009) (noting that until a defendant is properly served, a plaintiff cannot obtain a default judgment and citing *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999; *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987)). "The party on whose behalf service is made has the burden of establishing its validity." *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11CV3KS-MTP, 2011 WL 1226095, at *2 (S.D. Miss. Mar. 29, 2011) (quoting 4B Wright and Miller, Federal Practice and Procedure § 1353).

Federal Rule of Civil Procedure 4 provides, "Unless service is waived proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1). Plaintiff complied with Rule 4 by filing the Proof of Service executed by the private process server. However, upon review of the Proof of Service, the Court cannot determine whether SNSI was indeed properly served.

The summons was issued to:

SOUTHERN NEUROLOGIC & SPINAL INSTITUTE, PA
c/o David C. Lee, Registered Agent
1 Lincoln Parkway, Suite 300
Hattiesburg, MS 39402

Plaintiff contends that Defendant was "personally served" on June 3, 2019. [7] at ¶ 2. However, the Defendant is a professional association, that is a Mississippi corporation. [1] at ¶ 4. One could assume that process was served on David C. Lee, as registered agent, but in the Proof of Service, the process served never specifically says that is who he served and from the information given, it is certainly not clear. First, even though this was service on a corporation/organization, interestingly the process server checked off the line item for individual service, which reads: "I personally served the summons on the individual at (*place*) 3688 VETERANS MEMORIAL DR, HATTIESBURG, MS 39401 on (*date*) Mon, Jun 03 2019."[1] This was not service on an individual. There is a more appropriate box for corporate service, which was not chosen, that reads: "I served the summons on (*name of individual*) _____, who is designated by law to accept service of process on behalf of (*name of organization*) _____ on (*date*) _____." Had the corporate service box been checked and filled out, the Court would know exactly who was served and whether service was proper. However, as it stands, the Court does not. With the individual service box checked it is unclear whether the person who accepted service was indeed designated by law to do so.

Second, while there is information listed at the bottom of the Proof of Service, it is also not helpful in providing clarity as to whether there was proper service. The notes state:

> Additional information regarding attempted service, etc.:
> Successful Attempt: Jun 3, 2019, 9:14 am CDT at Southern Bone and Joint: 3688 VETERANS MEMORIAL DR, HATTIESBURG, MS 39401 received by SOUTHERN NEUROLOGIC & SPINAL INSTITUTE, PA c/o Dr. David C. Lee, Registered Agent. Age:48; Ethnicity: Caucasion; Gender: Male; Weight:180; Height:6' Hair: Brown; Other: Middle-Aged, White Male; [sic]

---

[1] [3] at p. 2.

The process server served the process at an address not listed on the summons.[2] Southern Bone and Joint has no apparent affiliation with the Defendant. All of the notices of default under the lease were sent to the address on the summons,[3] not to Veterans Memorial Drive [1-3; 1-4; 1-5]. The wording of the notes is confusing as well because it never says "received by "David C. Lee." It says "received by SOUTHERN NEUROLOGIC & SPINAL INSTITUTE, PA c/o Dr. David C. Lee." It is unclear whether that "c/o" wording simply comes from the summons or whether the person described was actually Dr. David C. Lee. From this wording, the Court does not know who exactly it was at Southern Bone and Joint that was served, other than a description of someone that may or may not fit the description of David C. Lee.

Rule 4(*l*)(3) provides, "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Thus, while it very well may be that there has been valid service in this action, the Court needs to satisfy itself to that fact before entering what apparently will be quite a high dollar final default judgment against this Defendant.

### III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Motion for Default Judgment is denied without prejudice. Plaintiff shall have 10 days from the date of this Order to provide, if able, an amended Proof of Service that makes clear who was served and adequately reflects proper service on the corporation/organization.

SO ORDERED AND ADJUDGED this 3rd day of October 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[2] Also, the Complaint says that SNSI is "located at 147 Waterford, Hattiesburg, MS 39402." [1] at ¶ 4. Thus, the Complaint lists one address, the summons lists another (perhaps that of the registered agent), and the Proof of Service lists yet another.

[3] All notices went to the 1 Lincoln Parkway, Suite 300 address in Hattiesburg, except the last one dated October 23, 2017, which was also sent to 147 Waterford Drive in Hattiesburg.