# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SNH MEDICAL OFFICE PROPERTIES TRUST**                   **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:19-cv-83-KS-MTP**

**SOUTHERN NEUROLOGIC & SPINAL
INSTITUTE, PA**                                                 **DEFENDANT**

## **ORDER**

This cause came before the Court on Plaintiff's Second Amended Motion for Default Judgment [14]. Having reviewed Plaintiff's submissions and the relevant legal authorities, and otherwise being fully advised in the premises, the Court finds the motion well taken and it shall be granted in part.

## I. BACKGROUND

After Defendant failed to answer or otherwise appear after being duly served, the Plaintiff moved for entry of a default, which the Clerk entered on July 15, 2019 [6]. Plaintiff then moved for default judgment, which was later amended on October 11, 2019 [11]. Finding that the Complaint provided a sufficient basis for the relief sought against the Defendant, the Court found that entitlement for a default judgment in the amount of $823,231.87 was warranted and granted the motion to such extent [13]. However, the Court found the motion deficient as to any other relief sought and allowed Plaintiff thirty-days to amend/supplement the motion on the issues of accrued interest, prejudgment interest, and attorneys' fees. [13]. On November 15, 2019, Plaintiff filed a Second Amended Motion for Default Judgment [14], which, through various affidavits, appears to supply the information needed for a Final Default Judgment to be entered.

In its first Order, the Court found that the $823,231.87 representing the principal debt at issue was due to be awarded. The affidavit of May Mei submitted in support of this latest motion clarifies that this principal amount includes all overdue rent, operating expenses (recoverable under the Lease), and late fees and that there has been no "interest" charged to date on the amount due. [14-3] at ¶¶ 4, 10. Plaintiff now seeks additional amounts in the judgment, including prejudgment interest at a rate of 8% per annum from the date the Complaint was filed to the date of the judgment, as well as post-judgment interest per 28 U.S.C. § 1961(a), and attorneys' fees and costs. The Court will address each in turn.

## II. DISCUSSION

### A. Prejudgment Interest

In diversity cases such as this, "state law generally controls the award of interest." *TLS Mgmt. & Mktg. Svcs., LLC v. Mardis Fin. Svcs., Inc.*, 2018 WL 3698919, at *10 (S.D. Miss. 2018) (quoting *Plantation Key Developers, Inc. v. Colonial Mortg. Co. of Indiana*, 589 F.3d 164, 170 (5th Cir. 1979)). Mississippi law requires "that a party assert a demand for prejudgment interest in the appropriate pleading." *Id*. (citing *Upchurch Plumbing, Inc. v. Greenwood Util. Comm'n*, 964 So. 2d 1100, 1118 (Miss. 2007). Plaintiff requested prejudgment interest in its Complaint. [1] at p. 5. Thus, the Court finds that prejudgment interest is appropriate.

"The rate of prejudgment interest is within the Court's broad discretion." *Economy Stone Midstream Fuel, LLC v. Thompson*, 2009 WL 3297789 at *2 (N.D. Miss. Oct. 13, 2009). In Mississippi, federal courts have relied on Miss. Code Ann. §75-17-1, which states that "[t]he legal rate of interest on all . . . contracts shall be eight percent (8%) per annum, calculated according to the actuarial method . . . ." *TLS Mgmt.*, 2018 WL 3698919 at *11, Such rate of interest has been held appropriate. *See id.*; *Economy Stone*, 2009 WL 3297789 at *2. Plaintiff

requests that the prejudgment interest be calculated from the date the suit was filed, May 24, 2019. Thus, the Court finds that 8% interest awarded from May 24, 2019 to the date of this judgment is appropriate. *See TLS Mgmt.*, 2018 WL 3698919 at *11.

Plaintiff has not provided the Court precise calculations. Therefore, the Court calculates the rate on the principal amount to yield a daily rate of $180.43. That amount times the 179 days from the date of filing to the date of the judgment to be entered this date equals a total of $32,296.97 in prejudgment interest.

**B. Post-judgment Interest**

Plaintiff also seeks post-judgment interest per 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment." The Court further finds post-judgment interest appropriate in this amount allowed under federal law.

**C. Attorneys' Fees**

Next, Plaintiff seeks attorneys' fees and costs incurred in prosecuting this case. Plaintiff contends such fees are recoverable under Mississippi law pursuant to an "open account," as well as pursuant to Section 22 of the Lease ([1-2] at p. 11). Plaintiff states that once the Court enters final judgment against the Defendant, it will move under Federal Rule of Civil Procedure 54(d) for an award of fees and costs.

First, the Court finds that "open account" is not a sufficient basis for attorneys' fees in action for Breach of Contract for a lease agreement. The Court disagrees with Plaintiff that this is an account based on continuing transactions for personal services. This case involves the rental of a building, and the case cited by Plaintiff is not sufficiently analogous. The case of *T. Jackson*

3

*Lyons & Associates, P.A. v. Precious T. Martin, Sr. & Associates, LLC*, involved an appellate law firm seeking to recover fees from a client, which were owed for services rendered. 87 So. 3d 444, 445 (Miss. 2012). In that case, the court noted that, "[i]t has been long held that fees owed on unwritten contracts for professional services are owed on open account." *Id*. at 453. This case does not involve services rendered on an unwritten contract, but the breach of a written lease agreement. Thus, the Court finds that recovery of fees on an open account is not proper. Notwithstanding, the lease agreement involved in this lawsuit expressly permits the recovery of "a reasonable attorneys' fee, costs of court and all other expenses of collection and enforcement incurred as a result of [a] breach." [1-2] at p. 11 at ¶ 22. Thus, recovery of fees and costs in this case is appropriate.

Second, the Court finds that any further motions under Rule 56(d) are unnecessary. Plaintiff has submitted sufficient evidence for the Court to address attorneys' fees at this juncture. As support for its request of $18,793.00 in attorneys' fees and $806.40 for costs and expenses, Plaintiff has submitted the affidavit of La'Toyia J. Slay, along with detailed time sheets showing the billing from the law firm. [14-5]; [14-6]. The documents submitted by Plaintiff are sufficient to establish the reasonableness of the fees, costs, and expenses. *See Economy Stone*, 2009 WL 3297789 at *3-4 (citing *Fidelity & Dep. Co. of Maryland v. Williams*, 2006 U.S. Dist. LEXIS 67038, *4 (N.D. Miss. Sep. 15, 2006)).

### III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff Second Amended Motion for Default Final Judgment. In addition to the previous award of $823,231.87 in principal, the Court hereby additionally awards Plaintiff $32,296.97 in prejudgment interest; post judgment interest to be calculated in accordance with 28 U.S.C. § 1961(a); and $19,599.40 in attorneys' fees, costs

and expenses. Pursuant to Federal Rule of Civil Procedure 58(a), a separate judgment consistent with this opinion shall be entered on even date herewith.

SO ORDERED AND ADJUDGED this 19th day of November 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE